UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SPENCER MCCLAIN,

    Plaintiff,

v.                                                                            Case No. 20-cv-1796-bhl

ALFONSO MORALES, et al.,

    Defendants.

---

## SCREENING ORDER

---

Plaintiff Spencer McClain, who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This matter comes before the Court on McClain's motion for leave to proceed without prepaying the full filing fee and for screening of the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

McClain requested leave to proceed without prepaying the full filing fee. A prisoner proceeding without prepayment of the filing fee is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). McClain filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2). The Court assessed, and McClain has paid, an initial partial filing fee of $23.00. The Court will grant McClain's motion for leave to proceed without prepaying the filing fee.

## SCREENING THE COMPLAINT

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim under the federal notice pleading system, McClain must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The plaintiff does not need to plead every fact supporting his claims; he need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

There is a reason Rule 8 specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.,* 328 F.3d 374, 378 (7th Cir. 2003). "District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." *Kadamovas v. Stevens,* 706 F.3d 843, 844 (7th Cir. 2013). "Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Id*.

McClain's complaint is 39 handwritten, single-spaced pages that includes at least 20 unrelated defendants, some of whom are allegedly "unknown." Before this case goes any further, the Court will require McClain to file an amended complaint that complies with Rule 8. The

2

amended complaint must provide a simple, concise, and direct statement of his claims. McClain does not need to include every detail giving rise to his claims. He need only provide enough facts from which the Court can reasonably infer that the defendants did what he alleges they did in violation of McClain's rights.

As McClain considers what facts and information to include in his amended complaint, he should remember two things. First, prosecutors are generally entitled to absolute immunity from suit under §1983, *see Fields v. Wharrie*, 672 F.3d 505, 516 (7th Cir. 2012), and defense attorneys (including public defenders) are not considered state actors under §1983, *see Agrawal v. Pallmeyer*, 313 Fed. Appx. 866 (7th Cir. 2009). McClain likely does not have claims against any of the attorneys (or the law firms) he named as defendants in this case.

Second, McClain can join multiple defendants in a single case only if he asserts at least one claim against each defendant that arises out of the same events or incidents *and* involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 18(a); Fed. R. Civ. P. 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). This means that McClain likely cannot bring his Fourth, Sixth, Eighth, and Fourteenth Amendment claims in the same lawsuit. These claims likely belong in different lawsuits, for which McClain must pay separate filing fees.

The Court is enclosing a guide for *pro se* prisoners that explains how to file a complaint that the Court can effectively screen. The Court also will include a blank prisoner complaint form. The Court will require McClain to use that form to file his amended complaint. *See* Civil L. R. 9 (E.D. Wis.). If McClain believes he needs more space than is available in blank prisoner complaint form, he may attach a *maximum* of five typed, double-spaced pages. The amended complaint should be no more than <u>ten</u> pages total.

3

Case 2:20-cv-01796-BHL   Filed 03/01/21   Page 3 of 5   Document 8

## CONCLUSION

**IT IS ORDERED** that McClain's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 6) is **GRANTED**.

**IT IS ORDERED** that the complaint is **DISMISSED** because it violates Fed. R. Civ. P. 8. McClain may file an amended complaint that complies with the instructions in this order by **April 1, 2021**. If McClain files an amended complaint by the date above, the Court will screen the amended complaint as required by 28 U.S.C. §1915A. If McClain does not file an amended complaint by the deadline, the Court will dismiss this case on the next business day.

**IT IS ORDERED** that the agency having custody of McClain shall collect from his institution trust account the **$327.00** balance of the filing fee by collecting monthly payments from McClain's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If McClain is transferred to another institution, the transferring institution shall forward a copy of this Order along with McClain's remaining balance to the receiving institution.

**IT IS ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

McClain is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

The Court includes with this order a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" and a blank prisoner complaint form.

Dated at Milwaukee, Wisconsin this 1st day of March, 2021.

s/ *Brett H. Ludwig*
Brett H. Ludwig
United States District Judge